IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VINCENT MONROW FRIEMEL, # 1972868, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 6:17-CV-00252-RC |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Vincent Monrow Friemel, an inmate confined in the Texas prison system, proceeding *pro se*, brought the above-styled and numbered petition for a writ of habeas corpus challenging his 2014 Rusk County convictions for evading arrest or detention with a deadly weapon, namely a motor vehicle. The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On May 10, 2019, the Magistrate Judge issued his Report and Recommendation (Doc. No. 22), recommending that Mr. Friemel's writ of habeas corpus be dismissed with prejudice and that he be denied a certificate of appealability *sua sponte*.

The Director has filed objections (Doc. No. 23.) to the Report and Recommendation. Mr. Friemel, who is proceeding *pro se,* acknowledged receipt of the court's Report and Recommendation on May 16, 2019. (Doc. No. 24.) Mr. Friemel has not filed any objections within the time permitted for objections. The court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636(b)(1). Having reviewed the Magistrate Judge's findings and the Director's objections, the court **OVERRULES**

the Director's Objections (Doc. No. 23) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. No. 22) as the findings of the court.

## LEGAL STANDARD

The court reviews objected-to portions of the Magistrate Judge's Report and Recommendation *de novo*. *See* FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). A court conducting a *de novo* review examines the entire record and makes an independent assessment under the law. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## DISCUSSION

In his petition for a writ of habeas corpus, Mr. Friemel seeks to challenge his Texas state court sentence for evading arrest or detention with a vehicle due to ineffective assistance of counsel. In his Report and Recommendation, the Magistrate Judge found that Mr. Friemel's claims of error are without merit. Accordingly, the Magistrate Judge recommended that the petition for a writ of habeas corpus should be dismissed. (Doc. No. 22.)

In his petition, Mr. Friemel argues that counsel was ineffective for failing to investigate his claim. (Doc. No. 1, at 6.) The Magistrate Judge addressed this claim on the merits and found that Mr. Friemel had not shown that the State habeas court unreasonably applied established federal law when it determined that state trial counsel had not failed to investigate Mr. Friemel's case. (Doc. No. 22, at 12–13.) In her objections, the Director argues that the Magistrate Judge erred by failing to find that Mr. Friemel's claim for ineffective assistance of counsel for failure to

investigate was waived by Mr. Friemel's guilty plea. (Doc. No. 23, at 1–2.) The Director argues that a guilty plea waives all non-jurisdictional defects, except those relating to the voluntary nature of the plea. (Doc. No. 23, at 1–2.) The Director argues that Mr. Friemel's claim that state trial counsel failed to investigate does not implicate the voluntary nature of his plea. (Doc. No. 23, at 2.)

Indeed, a guilty plea waives all non-jurisdictional defects, except those relating to the voluntary nature of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). A failure by counsel to investigate, however, may lead to the failure of counsel to locate exculpatory evidence and therefore influence a defendant's decision to plead guilty. Accordingly, the court must determine whether any alleged failure by counsel to investigate prejudiced the defendant. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, the Magistrate Judge found Mr. Friemel's allegations conclusory and insufficient to demonstrate prejudice. (Doc. No. 22, at 12–13.) Accordingly, the Magistrate Judge appropriately addressed Mr. Friemel's claim on the merits. Thus, the Director's objection is without merit.

## CONCLUSION

Having made a *de novo* review of the objected-to portions of the Report and Recommendation (Doc. No. 22), the court finds, for the reasons explained above, that the Director's Objections (Doc. No. 23) should be **OVERRULED** and the Magistrate Judge's Report (Doc. No. 22) is **ADOPTED** as the findings and conclusions of the court. The above-styled application for the writ of habeas corpus is **DENIED** and the case is **DISMISSED WITH PREJUDICE**. The court **FURTHER ORDERS** that Petitioner Mr. Friemel be **DENIED** a certificate of appealability *sua sponte*. All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Jun 10, 2019**

Ron Clark, Senior District Judge